## TWIN CITY FIRE INS. CO. v. GREEN.

No. 13827.

United States Court of Appeals. Eighth Circuit.

Nov. 16, 1949.

For former opinion see 176 F.2d 532.

J. H. Cunningham, Jr., St. Louis, Mo., for appellant.

Oliver T. Remmers, St. Louis, Mo., for appellee.

Before SANBORN, WOODROUGH and JOHNSEN, Circuit Judges.

PER CURIAM.

Our opinion declares that, while the evidence to show that a debtor and creditor

relationship had come to be established in respect to such premiums as Chilcote had collected prior to the termination of his contract was "not as satisfactory as could be desired, because of its lack of full development," yet it probably was sufficient to entitle us to say that the trial court's finding in this regard was not clearly erroneous.

On petition for rehearing, Twin City Fire urges that the nature of the proceedings in the trial court had tended to leave the evidence unsatisfactorily developed; that further there had been no opportunity for either party to call Chilcote as a witness because of the pendency of criminal charges against him at the time, which have since been disposed of; and that a full development of the evidence will establish that no debtor and creditor relationship had ever come to exist between itself and Chilcote as to any premiums collected by Chilcote under his general agency contract.

On the whole situation, including the unsatisfactory state of the evidence in the present record and the fact that the case must go back for a new trial on other issues, as set out in our opinion, we have concluded, in the interest of justice, to permit a retrial also of the question whether a debtor and creditor relationship, instead of a fiduciary one, had come to be established in respect to the premiums collected by Chilcote prior to the termination of his agency. Our previous affirmance of this portion of the trial court's decree is accordingly set aside and the decree is in this respect reversed, with leave to the parties to retry the issue.

Twin City Fire has further argued that the trial court should have granted it the full relief sought by its petition, on the basis of an agreement entered into between it and the trustee, which, on application of the trustee, the district court had previously approved. The findings of the trial court declare that "A temporary agreement was entered into by Trustee and Twin City Fire Insurance Company providing a method of collecting and disbursing premium funds pending an adjudication by this Court of the rights of the parties." The application made by the trustee for approval had recited that the object of the agreement was "to temporarily relieve the situation until the issues are adjudicated." The order of approval appears to have been entered by the court as an administrative matter, without notice or opportunity to creditors to be heard. If the agreement were to be given the effect for which Twin City Fire contends, it would mean that possible rights and assets of a substantial nature had been given away by the trustee to Twin City Fire without any notice or opportunity to creditors to be heard. We did not think that the situation was one which merited discussion in our opinion beyond the trial court's finding. The petition for rehearing has not changed our view.

Subject to the modification in our previous judgment set out above, the petition for rehearing of Twin City Fire is denied as being without merit. The petition for rehearing of the trustee is similarly denied.